UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------xx

DR. JOSEPH WILSON, Ph.D.,                                    INDEX NO: 1:15-cv-0023

                              PLAINTIFF

vs.                                                          FOURTH AMENDED
                                                             COMPLAINT

                                                             JURY TRIAL DEMANDED

TERRENCE CHENG, DR. PAISLEY CURRAH, Ph.D., and
MARCIA ISAACSON,

                              DEFENDANTS.

-----------------------------------------------------------------------------xx

Plaintiff DR. JOSEPH WILSON ("Plaintiff"), by and through his attorneys, Valli Kane & Vagnini

LLP, 600 Old Country Road, Suite 519, Garden City, NY 11530 and James Klein 411 East 9th Street,

Suite 2R, New York NY 10009, as his complaint against defendants TERRENCE CHENG, DR.

PAISLEY CURRAH, and MARCIA ISAACSON (collectively, "Defendants") alleges as follows:

## PRELIMINARY STATEMENT

This is a civil action brought by Plaintiff, an African American Tenured Full Professor at Brooklyn

College, against three (3) individual defendants who are members of the academic staff or the

administrative staff at City University of New York ("CUNY") and/or Brooklyn College ("BC").  As set

forth below, Plaintiff asserts three (3) causes of action: (i) unlawful search and seizure, in violation of the

Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 against defendants

Currah and Isaacson; (ii) conversion of property under New York state law against defendants Currah

and Isaacson; and (3) defamation under New York state law against defendant Cheng.

1

**THE PARTIES**

1. Plaintiff, Professor Joseph Wilson, is a tenured full Professor of Political Science at Brooklyn College. Plaintiff is a sixty-five (65) year old African-American male.

2. Defendant Marcia Isaacson, Esq., is the Senior Associate General Counsel and Chief Compliance Officer of CUNY. This Defendant is a former prosecutor. She headed CUNY's internal Investigation of Plaintiff.

3. Defendant Terrence Cheng is the Associate Provost, Academic Affairs, of Brooklyn College.

4. Defendant Professor Paisley Currah is a tenured full Professor of Political Science at Brooklyn College. Defendant was Chair of the Brooklyn College Political Science Department from May 2011 to May 2014.

Plaintiff's Background, Education and Awards

5. In 1973 Plaintiff was awarded his BA degree in Political Science from Columbia University.

6. In 1975 plaintiff was awarded his Masters' Degree in Political Science, Columbia University.

7. In 1977 plaintiff was awarded an MA degree in Philosophy, Columbia University.

8. In 1980, plaintiff was awarded his Ph.D., Political Science, Columbia University.

9. In 1997 plaintiff was awarded an MDP Certificate (Management Development Program), Harvard University.

10. In 2011 the New York City Council issued a Proclamation to Professor Wilson in recognition of his life-long work promoting diversity at Brooklyn College.

11. Plaintiff has received numerous additional awards and has additional accomplishments including the publication of books on labor and economics. Plaintiff was a Brooklyn College employee from 1986 until his termination.

12. Plaintiff was hired as an Assistant Professor of Political Science.

13. In 1988 Professor Wilson was appointed Graduate Deputy by the Political Science Department at Brooklyn College.

14. In 1992, Professor Wilson advanced to tenured Associate Professor of Political Science at Brooklyn College.

15. In 1993 Professor Wilson became the founding Director of the Brooklyn College Center for Diversity and Multicultural Studies.

16. In approximately 1995 Professor Wilson was promoted to Tenured Full Professor.

17. In 1997 plaintiff was appointed Director of the Graduate Center for Worker Education.

## JURISDICTION AND VENUE

20. This action is brought pursuant to Section 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§ 1, 6, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the previously mentioned statutory and constitutional provisions.

21. Plaintiff further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § l367(a), to hear and decide claims arising under state law that are so related to claims in this action within the original jurisdiction of this Court that they form pan of the same case or controversy.

22. Venue properly lies in this judicial district pursuant to 28 U.S.C. § l39l(b) and (c) in that Defendants maintain offices within this judicial district, and a substantial part of the events giving rise to this action have taken place within this judicial district.

## FACTUAL BACKGROUND

21. The City University of New York, was established in 1847 and is organized pursuant to the laws of New York as the public university system of New York City.

22. Brooklyn College established the Graduate Center for Worker Education in approximately

1980, with an accredited and nationally acclaimed program in Urban Studies. Students could obtain a degree in Urban Studies and a Certificate in Health Studies.

23. Frederick P. Schaffer, Esq. ("Schaffer"), is the CUNY General Counsel and Senior Vice-Chancellor for Legal Affairs.

24. Schaffer heads the CUNY Law Department.

25. The CUNY investigation of Plaintiff was conducted by Schaffer's office, with the Office of Investigations.

26. Defendant Currah was a member of a group of professors in the Political Science Department who self-identified as the "Gang of Five".

27. The other members of the "gang of five" were Professor Corey Robin ("Robin"), Professor Jeanne Theoharis, Professor Mark Ungar, and Professor Gaston Alonso.

28. The defendants at various times individually and collectively and with various members of the "Gang of Five" engaged in various acts of wrongdoing against Plaintiff.

29. From 2005 onward, Defendant Currah, along with the remaining Gang of Five professors made false accusations against Plaintiff, including that he was: (i) a thief; (ii) stealing tuition money; (iii) entering into secret leases at the GCWE; (iv) changing students' grades; and (v) other false statements.

30. At a Brooklyn College Political Science Department meeting, Professor Corey Robin stated "I want to eliminate the Urban Policy Program and the Graduate Center for Worker Education" and "Joe is going down." (in reference to Plaintiff).

31. Robin announced further that he was going to investigate plaintiff.

32. There was no legitimate basis for any of the Defendants to investigate Wilson.

33. The current status of the academic operations of the Graduate Center for Worker Education reflects the statement made by Defendant Currah that he wanted to eliminate the Urban Policy

Program and the Graduate Center for Worker Education.

34. The Political Science Urban Policy MA (Master of Arts) Degree has been eliminated from the academic program of the Graduate Center for Worker Education.

35. During the time Plaintiff was the Director of the Graduate Center for Worker Education, the student enrollment was approximately 180 students annually, and the Masters degree could be awarded. The current student enrollment at the Graduate Center for Worker Education is now approximately thirty-five (35) students annually.

36. Professor Robin stated to Professor Manny Ness, and other professors: "Stay away from Joe. Joe is going down and you'll go down with him."

37. At various times from 201l-2014 Professor Robin, with the knowledge and support of the Gang of Five, Dean Kimberly Phillips, President Gould, and Defendant Currah engaged in various harassing actions against plaintiff.

38. Defendant Robin stated to Professor Ness: "I declare war on Joe."

39. In November 2011 Defendant Currah and Professor Robin asserted false plagiarism charges against Plaintiff s graduate students, and thereby against Plaintiff for permitting and encouraging plagiarism.

40. The plagiarism charges were made in a Political Science Department meeting attended by members of the department. These plagiarism charges were also raised to Dean Kim Phillips.

41. In 2011 there was an investigation into the accusations of plagiarism and no facts or evidence were found to support the accusations. At the time Defendant Currah made these accusations, she was the Chairperson of the Political Science Department, elected in May 2011.

42. Defendants made false accusations against Plaintiff that he was changing students' grades. In New York, changing grades is a felony.

43. Defendants failed to provide any evidence regarding the allegation that Wilson was changing grades.

44. In November 2011, Professor Robin stated to Professor Manny Ness, "Joe should no longer be a professor because he is no longer interested. He should be an entrepreneur. I'm going to launch an investigation into Wilson."

45. In 2011 Professor Robin provided information to the CUNY Chief Counsel, the result of which was a CUNY investigation of Plaintiff. Plaintiff was then barred from teaching.

46. In January 2012 Plaintiff was fired as the Director of the Brooklyn College Graduate Center for Worker Education ("GCWE").

47. Plaintiff had served as Director for about 15 years, and in fact had worked with another BC employee and the architect to design and build the new GCWE that relocated from 99 Hudson Street to 25 Broadway in lower Manhattan. Plaintiff was commended by BC and CUNY officials for building a beautiful center and bringing in the project on time and within budget.

48. In approximately January 2012, CUNY raided Plaintiff s office at the GCWE.

49. In the spring of 2012, Brooklyn College filed charges against Plaintiff with the New York Attorney General.

50. In January 2013, BC filed disciplinary charges against Plaintiff to fire him as a professor. The disciplinary charges included that Plaintiff's alleged wrongdoing as the GCWE Director made him unfit to be a Professor.

51. In October 2014, in violation of Plaintiff' s section 1983 rights and constitutional rights including due process rights, and in violation of the ICGFFD in his CBA, and in violation of CUNY policy that requires disciplinary matters to proceed on the basis of substance, the CUNY arbitrator issued a Final Disciplinary Hearing Report that upheld the disciplinary charges BC filed against Plaintiff.

52. In violation of his due process and section 1983 rights, charges were upheld including the charges of Plaintiff entering into secret leases at the GCWE, without BC knowledge or approval, even though, at the Step Two disciplinary hearings, Pamela Pollack Esq. testified under oath that both she and former VP Steve Little knew about, authorized and approved the GCWE leases.

53. In 2013, after Plaintiff testified before the NY City Council Committee on Higher Education, as related to State's lack of commitment to EEO/AA, Plaintiff was barred from the campus of Brooklyn College.

## FIRST CAUSE OF ACTION

## UNLAWFUL SEARCH AND SEIZURE

### (Defendants Currah and Isaacson)

54. Plaintiff incorporates by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

55. In approximately January 2012, security personnel, under the supervision of defendant Isaacson, CUNY Senior Associate Counsel and Chief Investigator, conducted a warrantless search of Plaintiff's office at 25 Broadway. This warrantless search was a clear violation of Plaintiffs constitutional rights under the Fourth Amendment, which states in pertinent part that "the right of the people to be secured in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation"

56. In effectuating the warrantless search on the plaintiff' s office, CUNY violated the law and numerous CUNY and BC policies, in collusion with BC, although they clearly had the means and opportunity to get a search warrant and to notify the police. They also violated the law by

not notifying the New York State Office of Inspector General as required under New York State law.

57. CUNY knew that it did not have probable cause to obtain a warrant, since there was no probable cause to believe that Plaintiff had committed a criminal offense. Hence, the warrantless raid on Plaintiff's office at 25 Broadway was clearly a violation of the Fourth Amendment.

58. After CUNY security and Isaacson entered plaintiff' s office, without consent from Professor Wilson, they proceeded to perpetrate another violation of his constitutional rights. They proceeded to seize his computer, his electronic files, his objects of art, historical and labor related memorabilia, books, documents, research papers, notes and records.

59. To date, Brooklyn College and the individual defendants have failed to return the confiscated property, even though Plaintiff has made numerous and repeated oral and written demands to Brooklyn College, Hewitt, Robin, Defendant Currah, former Dean Kimberly Philips, and Barbara Haugstatter for the return of his property.

60. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff' s protected rights under 42 U.S.C. § 1983, was an act of retaliation and discrimination, and violated the Fourth Amendment.

61. As a result of defendants' wrongful actions against Plaintiff, and the violations of Plaintiff's constitutional rights, Plaintiff has suffered economic injury and damage to his career prospects, emotional distress, pain and suffering, humiliation and embarrassment, loss of reputation, loss of his ability to maintain his professional status as a tenured full professor at Brooklyn College, loss of his ability to obtain an equivalent professional status at CUNY, SUNY, and other public academic institutions, in New York State or in other States, loss of his ability to obtain an

equivalent academic status at private institutions of higher learning, and loss of reputation within the academic and general community.

62. By reason of the foregoing, defendants have violated Plaintiff's civil rights under 42 U.S.C. § 1983, and his constitutional rights under the First, Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendments to the U.S. constitution, violated other laws and rights as stated herein, and Plaintiff is entitled to the relief.

## SECOND CAUSE OF ACTION

## DEFAMATION

## (Defendant Cheng)

63. Plaintiff incorporates by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

64. On March 12, 2014, Associate Provost for Academic Affairs, Terrence Cheng, told BC faculty members and Professor Jocelyn Wills and Plaintiff Wilson that "Wilson was engaging in criminal activity."

65. Defendant Cheng repeated these defamatory statements to the Labor Arts Society, a 50l(C)(3) organization, later in March 2014, including to Evie Rich and Rachel Burnstein.

66. A 2014 Facebook blog by Mr. Henwood, husband of a BC Visiting Professor, stated that the Graduate Center for Worker's Education (GCWE) "was run by a bunch of thieves."

67. The defamatory statements by Cheng were false, and he had actual and constructive knowledge of the falsity of his statements, through BC and CUNY official documents and records, and through his ability to corroborate and verify the falsity of his statements through documents and records, and based on his access to BC and CUNY officials and managers.

68. Defendant Cheng, individually and as an employee and agent of the state, demonstrated a wanton disregard for the truth, his own express and implied contractual obligations, and Plaintiff's rights under law and contract, and Plaintiff's civil and even human rights. The pervasive, egregious, and ongoing wrongful and law violating acts of the defendant, individually and collectively, show active administrate/state support for what plaintiff endured.

## THIRD CAUSE OF ACTION

## CONVERSION

## (Defendants Currah and Isaacson)

69. Plaintiff incorporates by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

70. Conversion is a civil action that applies when there is the unlawful taking or use of someone's property.

71. Conversion involves the unlawful taking and use of property belonging to another.

72. In the instant case, there is indisputable evidence that defendants have taken possession of Plaintiff's property without even providing him with an inventory of the property seized, and without an admission that they have confiscated the property.

73. Defendants have refused to return Plaintiffs property, even though he has made repeated oral and written requests for his property.

74. Some of this property involves irreplaceable research notes for publication, which Plaintiff needs in order to maintain his status as a tenured Professor.

75. Defendants' refusal to return the property is inexcusable and unconscionable, and merits the strictest reprimand and admonition from the Court.

76. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the law, and other applicable laws as stated herein.

77. As a result of Defendants' wrongful actions against Plaintiff, Plaintiff has suffered economic injury and damage to his career prospects, irreparable emotional distress, pain and suffering, humiliation and embarrassment, loss of reputation, loss of his ability to maintain his professional status as a tenured full professor at Brooklyn College, loss of his ability to obtain an equivalent professional status at CUNY, SUNY, and other public academic institutions, in New York State or in other States, loss of his ability to obtain an equivalent academic status at private institutions of higher learning, and loss of reputation within the academic and general community.

78. By reason of the foregoing, defendants have violated Plaintiff's civil rights under Title VII, the NY City and NY State Civil Rights and anti-discrimination laws, CUNY and BC policies including their EEO/AA policies, 42 U.S.C. §l98l and 42 U.S.C. § 1983, and his constitutional rights under the First, Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendments to the United States Constitution, and plaintiff is entitled to the relief:

**WHEREFORE**, Plaintiff demands the following relief, individually, jointly and severally; as applicable, against the corporate defendants, the individual defendants, and the individual defendants as employees, agents, and assigns of the state, Brooklyn College, and the City University of New York, as allowed by law:

    a. Compensatory and punitive damage awards each in separate amounts of $12,500,000.00 for each of the eight causes of action as specified herein, or such greater amounts as may be set by law and by a jury;

    b. Compensatory for the loss of his life's work, valued at approximately $12,500,000.00

c. An order requiring the return all of the mail and personal property, confiscated from plaintiff since January 2013;

d. A court order pursuant to 42 U.S.C. 1988, that plaintiff is entitled to the costs involved in maintaining this action and attorney's fees;

e. Such other and further relief as this court may deem just and proper.

**DEMAND FOR JURY TRIAL**

A jury trial is hereby demanded on each and every one of the claims herein, as allowed by law.

Dated: October 16, 2020
New York, New York

Respectfully submitted,

By: */s/ Robert J. Valli, Jr.*
Robert J. Valli, Jr.
Matthew L. Berman

**VALLI KANE & VAGNINI LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

rvalli@vkvlawyers.com
mberman@vkvlawyers.com

*Attorneys for Plaintiff*